# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DON LIPPERT, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 13 C 1434 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| SALVADOR GODINEZ, MARCUS HARDY, QUINTEN TANNER, and ROYCE BROWN-REED, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff Don Lippert filed an amended complaint pursuant to 42 U.S.C. § 1983 against Salvador Godinez, director of the Illinois Department of Corrections ("IDOC"); Marcus Hardy, the warden of Stateville Correctional Center ("Stateville"); Quinten Tanner, the dietary manager at Stateville; and Royce Brown-Reed, the health care unit administrator at Stateville. Defendants are sued in both their individual and official capacities. Lippert alleges that he was subjected to inhumane living conditions while housed in Unit F at Stateville in violation of the Eighth Amendment and seeks both monetary and injunctive relief. Before the Court is Defendants' motion to dismiss Lippert's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion [11] is granted in part and denied in part.

## BACKGROUND[1]

Inmates in Unit F are subjected to a laundry list of inhumane conditions of confinement, which have been documented in a 2011 inspection report by the John Howard Association of

---

[1] The facts are taken from the amended complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Illinois. Among other things, Lippert complains of persistent noise levels; lack of privacy; heating and cooling issues; infestations of cockroaches, birds, and mice; understaffed medical services; dust from fans used to cool Unit F; food contamination; and generally unsanitary conditions. He claims that Godinez and Hardy are liable for failing to supply (1) basic living conditions; (2) adequate and consistently functioning plumbing; (3) cells and dietary facilities free from infestations; (4) cells with privacy, adequate heat, cooling, and fresh air, and functioning windows; and (5) safe and proper dietary services and facilities. Tanner is alleged to be liable for failing to (1) comply with certain sanitation regulations; (2) supervise, train, and enforce procedures dealing with food preparation; (3) supply clean food trays; (4) supply clean air circulating devices for the dietary services areas; and (5) regulate the temperature of the dietary services areas. Reed is alleged to be liable for failing to (1) ensure that each housing unit was inspected by a licensed healthcare professional and (2) supply safe and sanitary areas.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Defendants first argue that Lippert has failed to sufficiently plead their personal involvement in the claimed deprivations. In order for an individual to be liable under § 1983, he or she must have been personally involved in the alleged constitutional violation. *See Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). A defendant may be personally liable "if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (alteration in original) (quoting *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)). Defendants would be unlikely to have direct involvement in or knowledge of specific medical decisions or situations relating to a specific inmate unless "of the gravest nature." *Antonelli v. Sheahan*, 81 F.3d 1422, 1428–29 (7th Cir. 1996); *see also Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) (finding it "doubtful" that a prison warden would have personal involvement in the decision to delay treatment). But where, as here, Lippert alleges systemic, as opposed to localized, violations, an inference may be drawn that Defendants, because of their positions, would have known of or participated in the alleged violations. *Antonelli*, 81 F.3d at 1428–29; *see also Duncan*, 644 F.2d at 655 (reversing dismissal of a hospital administrator from deliberate indifference claim because his position "justifies the inference at this stage of the proceeding that he does bear some responsibility for the alleged misconduct"); *Warren ex rel. Warren v. Dart*, No. 09 C 3512, 2010 WL 4883923, at *6 (N.D. Ill. Nov. 24, 2010) ("A senior jail official who was not personally involved in the acts or omissions complained of nonetheless may be liable in his individual

capacity if he can be expected to have either known of or participated in creating systemic inadequate conditions at the jail."). At this early stage in the litigation, it is premature to dismiss the claims brought against Defendants for lack of personal involvement.

Next, Defendants argue that Lippert has failed to allege facts amounting to an Eighth Amendment violation. But Defendants are asking for too much at the initial pleading stage, relying on cases decided on summary judgment. *See, e.g.*, *Carroll v. DeTella*, 255 F.3d 470 (7th Cir. 2001) (affirming summary judgment for defendants on plaintiff's Eighth Amendment claim); *Dixon v. Godinez*, 114 F.3d 640 (7th Cir. 1997) (affirming summary judgment on claim that plaintiff's cell had inadequate ventilation); *Jordan v. Peters*, No. 95 C 4163, 2000 WL 149256 (N.D. Ill. Feb. 8, 2000) (granting summary judgment); *Keel v. Dovey*, 459 F. Supp. 2d 946 (C.D. Cal. 2006) (same). Lippert need not prove his claim in his complaint; he need only allege sufficient facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Lippert has alleged a variety of conditions that he claims constitute cruel and unusual punishment. Although Lippert may not ultimately succeed, he has alleged sufficient facts that, with further development through discovery, could collectively amount to an Eighth Amendment violation. *See Dixon*, 114 F.3d at 643 ("[S]ome conditions, which taken singly do not constitute cruel or unusual punishment, may in cumulative effect violate the Eighth Amendment.").

Finally, Defendants argue that Lippert's claims against them in their official capacities are barred by the Eleventh Amendment. Lippert agrees that he cannot pursue his claims for injunctive relief against Defendants because he is no longer housed in Unit F. Thus, Lippert's claims against Defendants in their official capacities are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [11] is granted in part and denied in part. Lippert's claims against Defendants in their official capacities are dismissed with prejudice. Defendants are ordered to answer the amended complaint by March 15, 2014.

Dated: February 11, 2014

SARA L. ELLIS
United States District Judge